UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JETAUN N. WILCOXSON,

        Plaintiff,               Civil Action No. 15-13308
                                               Honorable Nancy G. Edmunds
                                               Magistrate Judge David R. Grand

v.

LEHMAN BROTHERS, et al.,

        Defendants.
_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANTS MERS, U.S. BANK NATIONAL ASSOCIATION, AND NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS THE COMPLAINT [8] AND DENY PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY [11]

Plaintiff Jetaun N. Wilcoxson ("Wilcoxson") commenced this wrongful foreclosure action against, among others, Mortgage Electronic Registration Systems, Inc. ("MERS"), U.S. Bank National Association ("U.S. Bank"), and Nationstar Mortgage, LLC ("Nationstar") (collectively "defendants"). The case has been referred to this Court for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) [4], and defendants' motion to dismiss the complaint [8] is presently before the Court. Wilcoxson filed a response, to which defendants filed a reply. [9, 10]. Also before the Court is Wilcoxson's motion for leave to file a sur-reply. [11]. For the following reasons, the Court RECOMMENDS that defendants' motion to dismiss the complaint [8] be GRANTED and Wilcoxson's motion for leave to file a sur-reply [11] be DENIED.

**II.**    **REPORT**

    **A.**    **Background**

On July 12, 2006, Wilcoxson executed a promissory note to Lehman Brothers Bank, FSB

("Lehman Brothers"), in the amount of $182,900.[1] [8, Ex. A]. To secure the note, Wilcoxson executed a mortgage with Lehman Brothers on her property located at 17606 Cambridge Boulevard in Lathrup Village, Michigan (the "property"). [*Id.*, Ex. B at 1]. The mortgage listed MERS as Lehman Brothers' nominee and indicated that MERS would act as the mortgagee on behalf of Lehman Brothers and its successors and assigns. [*Id.*, Ex. B at 2]. The mortgage was duly recorded in the Oakland County Register of Deeds and provided that the mortgagee could sell the property in the event Wilcoxson defaulted on the mortgage. [*Id.*, Ex. B at 1, 13]. MERS assigned the mortgage to Nationstar on May 23, 2013, which then assigned the mortgage to U.S. Bank on February 12, 2014. [*Id.*, Ex. C, D].

While Wilcoxson does not acknowledge ever having defaulted on the mortgage, the record shows that U.S. Bank commenced foreclosure proceedings on the property and purchased it at a subsequent sheriff's sale on January 6, 2015. [*Id.*, Ex. E]. U.S. Bank then transferred its ownership interest in the property to ABC Home Ownership I, LLC, by way of a quitclaim deed

---

[1] A reviewing court's consideration of a motion to dismiss under Rule 12(b)(6) is ordinarily confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir.2008). Thus, assessment of the complaint's facial sufficiency ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir.2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n. 1 (6th Cir. 2010). Moreover, if a document is not attached to a complaint or answer, but "is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335–36. Similarly, where the plaintiff's pleadings do not refer directly to a given document, if that document governs the plaintiff's rights and is necessarily incorporated by reference, then the court may consider it without converting the motion into one for summary judgment. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not the accompanying documents). In addition, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir.2010) (quoting *Commercial Money Ctr.,* 508 F.3d at 335–36). All of the documents referenced herein satisfy these standards.

dated April 21, 2015. [*Id.*, Ex. F]. After the redemption period expired in July 2015, *see infra* at 9-11, Wilcoxson filed this lawsuit in Oakland County Circuit Court on August 20, 2015. [1, Ex. 1]. Defendants timely removed the matter to the United States District Court for the Eastern District of Michigan. [1].

In her complaint, Wilcoxson contends that the mortgage assignments are void because MERS did not possess the legal authority on behalf of Lehman Brothers to assign the mortgage to Nationstar after Lehman Brothers declared bankruptcy in September 2008. [1, Ex. 1 at ¶¶ 14, 15, 18, 19]. Based upon this allegation, Wilcoxson asserts several causes of action, including fraud, civil conspiracy, quiet title, violations of Mich. Comp. Laws §§ 565.9 and 600.3204(1)(d) and (3), and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. [1, Ex. 1].

In their motion to dismiss the complaint, defendants argue that: (1) Wilcoxson failed to allege sufficient facts of fraud or irregularity to invalidate the sheriff's sale; (2) all of Wilcoxson's claims lack merit because she does not have standing to challenge the relevant mortgage assignments; (3) Wilcoxson did not plead the fraud claim with adequate particularity; (4) Michigan law precludes consideration of the fraud claim because this cause of action actually stems from the breach of a contractual obligation, in this case, the mortgage; (5) the civil conspiracy cause of action must be dismissed because Wilcoxson fails to allege a viable predicate tort claim; (6) the civil conspiracy claim is devoid of any factual allegations that defendants acted in concert with one another; (7) the FDCPA claim is barred by the statute of limitations; (8) the factual allegations underlying the FDCPA claim do not satisfy the pleading requirements under Fed. R. Civ. P. 8(a); and (9) Nationstar is exempt from liability under the FDCPA because it was not acting as a "debt collector" when the mortgage assignments occurred.

### B.      Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether

a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 U.S. Dist. LEXIS 34441, at *7 (E.D. Mich. Mar. 30, 2011).

**C.    Analysis**

*1.    Standing to Challenge Mortgage Assignments*

As preliminary matter, the Court must decide whether Wilcoxson has standing to challenge the validity of the mortgage assignments since her claims hinge upon whether Lehman Brothers' 2008 bankruptcy deprived MERS of its authority to assign the mortgage to Nationstar in May 2013. [9 at 7].

The Court's analysis begins with *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010). In that case, a commercial mortgagee attempted to challenge the validity of several interim assignments between the mortgagor and a subsequent assignee because they were unrecorded. Noting the existence of "ample authority to support the proposition that a litigant who is not a party to an assignment lacks standing to challenge that assignment," the Sixth Circuit Court of Appeals held that, even where an assignment suffers from a significant defect, a third-party "does not have standing to raise that flaw to challenge . . . [the] chain of title" to a mortgage. *Id.* (internal quotation marks and citations omitted).

5

There is, however, an exception. A third-party to an assignment, such as the obligor to an assigned debt, "may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void." *Id.* (quoting 6A C.J.S. Assignments § 132). Such defenses may include "nonassignability of the instrument, *assignee's lack of title*, and a prior revocation of the assignment," or any similar defense that insulates the obligor "from having to pay the same debt twice." *Id.* (emphasis added). "Thus a non-party homeowner may challenge a putative assignment's validity on the basis that it was not effective to pass legal title to the putative assignee." *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 255 (6th Cir. 2014); *see also Conlin v. Mortg. Elec. Registration Sys.*, 714 F.3d 355, 361 (6th Cir. 2013); 6A C.J.S. Assignments § 132 ("The debtor may also question a plaintiff's lack of title or the right to sue.").

Wilcoxson maintains that U.S. Bank did not own the mortgage, or the promissory note, at the time it commenced foreclosure proceedings because MERS did not possess the requisite authority to initially assign the mortgage to Nationstar in May 2013. Since these allegations would necessarily undermine U.S. Bank's title to the property at the time of the foreclosure, Wilcoxson may challenge the validity of the underlying assignments. *See Slorp*, 587 F. App'x at 256 (ruling that homeowner had standing to challenge an assignment to which he was not a party on the ground that the foreclosing party "did not hold title at the time of the foreclosure" due to fraudulent conduct); *see also Conlin*, 714 F.3d at 361 (citing 6A C.J.S. Assignments § 132).

Furthermore, the Court notes that the defenses specifically enumerated in *Livonia Properties* are not exhaustive. In the Sixth Circuit's view, *Livonia Properties* "says nothing about when a homeowner may bring suit to seek redress for fraudulent or deceptive acts in connection with a foreclosure." *Slorp*, 587 F. App'x at 256. Thus, Wilcoxson is in not precluded from asserting the remaining common-law fraud and Michigan statutory claims alleged in her

6

complaint.

> 2.  *Fraud*

Wilcoxson maintains that MERS committed fraud because it:

> on behalf of Lehman Brothers falsely alleged to be assignors of Plaintiff's mortgage and note to assignee, Nationstar []. MERS [] knew that it could not act as agent and/or nominee on behalf of Lehman Brothers, on May 23, 2013, because MERS' principal (Lehman Brothers) was defunct at the time of execution of the assignment…MERS knowingly made misrepresentation[s] by claiming to be acting on behalf of its principle [sic] Lehman Brothers, in the assignment dated May 23, 2013, with the intent that plaintiff . . . act or rely upon the false assertions made within the assignment, for purposes of having plaintiff . . . believe and/or show in public and/or judicial records [sic] that there was record establishing chain of title from MERS and/or Lehman Brothers to Nationstar as required under MCL 600.324(3).

[1, Ex. 1 at ¶ 17].[2] The elements of a fraud claim under Michigan law require a showing that: "1) the defendant made a material representation; 2) the representation was false; 3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; 4) the defendant made the representation with the intention that the plaintiff would act upon it; 5) the plaintiff acted in reliance upon it; and 6) the plaintiff suffered damage." *Barter v. U.S. Bank, N.A.*, No. 10-11476, 2011 U.S. Dist. LEXIS 3780, at *9 (E.D. Mich. Jan. 13, 2011) (citing *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976)).

Here, Wilcoxson fails to sufficiently allege that MERS committed fraud by falsely

---

[2] Pursuant to Fed. R. Civ. P. 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Interpreting this requirement, the Sixth Circuit has held that complaints alleging fraud must specify "the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 509 (6th Cir. 2007); *see also Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 498 (6th Cir. 2014). Insofar as defendants argue that Wilcoxson did not plead the fraud claim with sufficient particularity, the Court finds that her allegations satisfy these requirements. [*See* 1, Ex. 1 at ¶¶ 17-18].

representing its authority to assign her mortgage in the wake of Lehman Brothers' 2008 bankruptcy. This is because numerous courts have concluded that "[t]he dissolution of the original lender does not affect MERS' authority to assign a mortgage." *Rosa v. Mortgage Elec. Sys. Inc.*, 821 F. Supp. 2d 423, 431 (D. Mass. 2011); *see also Camat v. Fannie Mae*, No. 12-00149, 2012 U.S. Dist. LEXIS 87667, at *20-21 (D. Haw. Jun. 22, 2012) (dissolution of original lender "would not prevent MERS from transferring any interest in the mortgage."); *Kiah v. Aurora Loan Servs., LLC*, No. 10-40161, 2010 U.S. Dist. LEXIS 121252, at *13 (D. Mass. Nov. 16, 2010) (dissolution of the original lender "could not prevent Aurora from obtaining an assignment of the mortgage from MERS").

These precedents are especially persuasive because Wilcoxson's mortgage stated that: MERS is the sole nominee for "Lender [Lehman Brothers] and Lender's successors and assigns" [8, Ex. B at 2]; "MERS is the mortgagee under this Security Instrument" [*id.*]; and Wilcoxson had "mortgag[ed], warrant[ed], grant[ed] and convey[ed]" her property "to MERS . . . and to the successors and *assigns* of MERS." [*Id.* at 3]. In fact, the Sixth Circuit has interpreted less explicit language in a similar mortgage document "as creating a [contractual] right of assignment in the mortgagee." *Hargrow v. Wells Fargo Bank N.A.*, 491 F. App'x 534, 538 n.3 (6th Cir. 2012) (evaluating mortgage provisions under Michigan law). As a result, Wilcoxson's fraud claim should be subject to Rule 12(b)(6) dismissal.[3]

    *3.    Michigan Statutory Violations*

Wilcoxson urges the Court to invalidate the sheriff's sale on the ground that U.S. Bank

---

[3] Because the Court has determined that the fraud claim lacks merit, it need not consider defendants' alternative argument that the claim should be dismissed on the ground that Michigan law forecloses tort actions that arise from contractual obligations. *See Fultz v. Union-Commerce Assocs.*, 470 Mich. 460, 470 (2004) (holding that "no tort liability arises for failing to fulfill a promise in the absence of a duty to act that is separate and distinct from the promise made.").

did not adequately demonstrate its interest in the indebtedness before initiating the foreclosure process in violation of Mich. Comp. Laws § 600.3204(1)(d) and (3).[4] [1, Ex. 1 at ¶¶ 47-51]. Thus, Wilcoxson alleges that "US Bank and NationStar lacked standing to foreclose under MCL 600.3204(1)(d) and (3); accordingly the foreclosure was void abinitio [sic]." [*Id.* at ¶ 52]. Wilcoxson's attempt to challenge the foreclosure on these grounds lacks merit.

Non-judicial foreclosures, or foreclosures by advertisement, are governed by Michigan statutory law. *See* Mich. Comp. Laws § 600.3204; *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50 (1993). The statute not only governs the process for foreclosure, but also the parties' rights subsequent to the sale of the property. *See Dingman v. OneWest Bank, FSB*, No. 11-15706, 2012 U.S. Dist. LEXIS 34668, at *9 (E.D. Mich. Mar. 14, 2012); *see also Conlin v. Mortgage Elec. Registration Sys.*, 714 F.3d 355, 359 (6th Cir. 2013) (citation omitted) ("While the statutory

---

[4] Mich. Comp. Laws § 600.3204(1) provides that: (1) A party may foreclose a mortgage by advertisement if all of the following circumstances exist:

    (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.

    (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage or, if an action or proceeding has been instituted, either the action or proceeding has been discontinued or an execution on a judgment rendered in the action or proceeding has been returned unsatisfied, in whole or in part.

    (c) The mortgage containing the power of sale has been properly recorded.

    (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

When "the party foreclosing a mortgage by advertisement is not the original mortgagee," Mich. Comp. Laws § 600.3204(3) requires that "a record chain of title must exist before the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage."

9

scheme provides certain steps that the mortgagee must go through in order to validly foreclose . . . it also controls the rights of both the mortgagee and the mortgagor once the sale is completed."). A mortgagor generally has six months after the date of the sheriff's sale to redeem his property. Mich. Comp. Laws § 600.3240(8). After that point (or whatever redemption period applies), the mortgagor's "right, title, and interest in and to the property" are extinguished. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942); *see also Conlin*, 714 F.3d at 359; Mich. Comp. Laws § 600.3236. Michigan courts have held that once the redemption period has expired, a property owner may challenge a foreclosure sale only by making "a clear showing of fraud, or irregularity." *Schulthies v. Barron*, 16 Mich. App. 246, 248 (1969). Furthermore, such fraud or irregularity "must relate to the foreclosure procedure itself." *El-Seblani v. Indymac Mortg. Servs.*, No. 12-1046, 2013 U.S. App. LEXIS 635, *10 (6th Cir., Jan. 7, 2013). This standard is a high one. *Conlin*, 714 F.3d at 360. "The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside" after the redemption period expires. *Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App. 492, 497 (2007) (quoting *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Agozzinio*, 280 Mich. 402, 405-06 (1937) and *Calaveras Timber Co. v. Michigan Trust Co.*, 278 Mich. 445, 450 (1936)).

As the Sixth Circuit recently stated, "[w]hether the failure to make this showing is best classified as a standing issue[5] or as a merits determination, one thing is clear: a plaintiff-

---

[5] In a number of fairly recent, although unpublished cases, the Sixth Circuit has found that a mortgagor's ability to challenge a foreclosure sale after the expiration of the redemption period is not a "standing" issue *per se*. *See, e.g., El-Seblani*, 2013 U.S. App. LEXIS 635; *Houston v. U.S. Bank Home Mortg. Wisc. Servicing*, No. 11-2444, 2012 U.S. App. LEXIS 24196 (6th Cir. Nov. 20, 2012); *Munaco v. Bank of Am.*, No. 12-1325, 2013 U.S. App. LEXIS 2322, *6 n.2 (6th Cir. Jan. 31, 2013); *see also Pettey v. CitiMortgage, Inc.*, No. 11-13779, 2012 U.S. Dist. LEXIS 117932, at *13 (E.D. Mich. Aug. 21, 2012) (finding "no legal merit" to the argument that a

mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period." *Conlin*, 714 F.3d at 359-60 (6th Cir. 2013). In this case, there is no dispute that the redemption period expired before Wilcoxson commenced this action; U.S. Bank purchased the property on January 6, 2015 [8, Ex. E], and Wilcoxson filed this lawsuit more than six months later, on August 20, 2015 [1, Ex. 1]. Thus, to the extent Wilcoxson's complaint ultimately seeks to challenge any portion of the foreclosure proceeding, she can only do so by making a strong showing of fraud or irregularity.

Wilcoxson's allegations that U.S. Bank did not adequately demonstrate its interest in the indebtedness before initiating the foreclosure process do not satisfy that standard. Under Michigan law, MERS, as the mortgagee of record, possessed "an interest in the indebtedness" within the meaning of § 600.3204(1)(d). *See Carmack v. Bank of New York Mellon*, 534 F. App'x 508, 515 (6th Cir. 2013) ("Although MERS did not own the note, the category of parties with an 'interest in the indebtedness' under § 600.3204(1)(d) 'include[s] mortgagees of record among the parties entitled to foreclose by advertisement[.]' . . . As a result, upon assigning its security interest to BNYM, MERS validly assigned to BNYM the authority to foreclose by advertisement as the mortgagee of record"); *see also Residential Funding Co. v. Saurman*, 490 Mich. 909, 910 (2011). As explained above, to the extent Wilcoxson's argument hinges on Lehman Brother's dissolution, that gets her nowhere. And with respect to § 600.3204(3), the record chain of title described above demonstrates that MERS properly assigned its "interest in

---

mortgagor who loses his legal interest in a property because the redemption period has expired has no "standing" to bring an Article III challenge to pursue an interest in the foreclosed property). Accordingly, the question here is not whether Wilcoxson has "standing" to challenge the foreclosure sale, but rather whether the factual allegations contained in her complaint are sufficient "to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *El-Seblani*, 2013 U.S. App. LEXIS 635 at *12. For the reasons discussed herein, the complaint's allegations clearly fail to meet that standard.

the indebtedness" to Nationstar, which then assigned it to U.S. Bank. *See Livonia Properties*, 399 F. App'x at 102 (holding that "chain of title" under § 600.3204(3) need only be established by public records showing the mortgage passed from the original mortgagee to the foreclosing party). Consequently, Wilcoxson has failed to allege facts showing that U.S. Bank lacked an interest in the indebtedness when it initiated the foreclosure proceeding, and her causes of action under § 600.3204(1)(d) and (3) should be dismissed.

Regarding Wilcoxson's quiet title claim, Michigan law provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." Mich. Comp. Laws § 600.2932(1). As a part of a prima facie case, a plaintiff must allege "a superior interest in the property." *Facione v. CHL Mortg. Trust*, No. 14-2613, 2015 U.S. App. LEXIS 17907, at *8 (6th Cir. Oct. 9, 2015); *see also Beulah Hoagland Appleton Qualified Pers. Residence Tr. v. Emmet Cty. Rd. Comm'n*, 236 Mich. App. 546, 549 (1999). Since Wilcoxson failed to make a strong showing of fraud or irregularity in the foreclosure process, her "right, title, and interest in and to the property" terminated at the expiration of the redemption period. Mich. Comp. Laws § 600.3236; *see also Conlin*, 714 F.3d at 359. As a result, Wilcoxson cannot establish a superior interest in the property, and her quiet title claim should be dismissed. *See Gjokaj v. HSBC Mortg. Servs., Inc.*, 602 F. App'x 275, 279 (6th Cir. 2015).[6]

---

[6] In her response brief, Wilcoxson states that "[p]laintiff argues the authenticity of the Note and Mortgage under Rule 1003 . . . in light of the Note being endorse [*sic*] to Lehman Brothers, but no other allonges [*sic*] are attached supporting transfer to Nationsar [*sic*], MERS, or US Bank." [9 at 11-12]. Since this statement alone does not raise a "genuine question" concerning the authenticity of the note and mortgage, or address whether it would be unfair to consider the copies of those documents under "the circumstances" of this case, Wilcoxson may not rely upon Fed. R. Evid. 1003 as a basis for relief. *See English v. Flagstar Bank*, No. 09-11705, 2009 U.S.

12

Nor may Wilcoxson proceed with her cause of action pursuant to Mich. Comp. Laws § 565.9 on the ground that the notary's acknowledgment of the May 2013 assignment did not comply with Florida law.[7] First, the statute's application is plainly limited to deeds and not assignments. Second, Wilcoxson's claim merely raises technical defects in the notary's acknowledgment of the assignment, which renders the assignment *voidable* instead of void, and on this basis Wilcoxson does not have standing to challenge the assignment. *See Conlin*, 714 F.3d at 359 ("a third party may only challenge an assignment if that challenge would 'render[] the assignment absolutely invalid or ineffective, or *void*.'") (emphasis added). And third, insofar as Wilcoxson contends that the notary violated Florida law by acknowledging the May 2013 assignment with the knowledge that MERS did not have the authority to assign the mortgage, the Court has already explained the shortcomings of this argument in its above analysis of her Michigan common-law fraud claim. *See Hargrow*, 491 F. App'x at 538 n.3; *see also Camat*, 2012 U.S. Dist. LEXIS 87667, at *20-21; *Rosa*, 821 F. Supp. 2d at 431; *Kiah*, 2010 U.S. Dist. LEXIS 121252, at *13. In sum, Wilcoxson's claims under these various Michigan statutes are unavailing.

    4.    *Fair Debt Collection Practices Act*

The substance of Wilcoxson's FDCPA claim is that Nationstar and U.S. Bank

---

Dist. LEXIS 97427, at *10-11 (E.D. Mich. Oct. 21, 2009).

[7] Mich. Comp. Laws § 565.9 provides:

> If any such deed shall be executed in any other state, territory or district of the United States, such deed may be executed according to the laws of such state, territory or district, and the execution thereof may be acknowledged before any judge of a court of record, notary public, justice of the peace, master in chancery or other officer authorized by the laws of such state, territory or district to take the acknowledgment of deeds therein, or before any commissioner appointed by the governor of this state for such purpose.

13

"maintain[ed] the foreclosure action with the use of false statements and evidence constitut[ing] a false, deceptive, and/or misleading practice in attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692e." [1, Ex. 1 at ¶ 43].  Defendants argue that this claim should be dismissed because it fails to meet the minimum pleading requirements set forth in Rule 8(a).

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Wilcoxson's FDCPA claim falls significantly below this standard.  As her claim currently stands, it is nearly impossible to discern the content of the "false statements and evidence" that Nationstar and U.S. Bank allegedly used during the foreclosure proceedings, when these "statements and evidence" were uttered or published (which would be helpful in determining whether the statute of limitations expired before Wilcoxson filed this lawsuit), and how these "statements and evidence" were false, deceptive or misleading. Rather, Wilcoxson's allegations merely track the language of the statute without providing any meaningful elaboration of the underlying facts which would establish a statutory violation.[8]  For this reason, Wilcoxson has clearly not satisfied her obligation to provide defendants with a "clear and plain statement" of her claim. *Agee v. Wells Fargo Bank*, No. 10-10197, 2010 U.S. Dist. LEXIS 48815, *5 (E.D. Mich. Apr. 15, 2010) ("As has been recognized by our circuit and others, despite liberal pleading requirements for *pro se* litigants, it is not the role of the court to guess the nature of the claim(s) asserted."). As in *Agee*, since "no more than guessing could take place" as to specifics of the FDCPA claim, dismissal is appropriate.[9]  *Id.*

---

[8] To the extent Wilcoxson bases this claim on her allegations that MERS committed fraud by falsely representing its authority to assign her mortgage in the wake of Lehman Brothers' 2008 bankruptcy, the Court's above analysis of that issue would apply equally here.

[9] Wilcoxson reiterates in her response brief that Nationstar used "false statements and evidence constituting deceptive, and/or misleading practice in attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692e," but adds that Nationstar "never responded" to her November 18, 2014 "Notice of Dispute and Request for Validation." [9 at 16; *see also* Ex. C].  To extent this

*5. Civil Conspiracy*

Finally, Wilcoxson maintains that MERS and Nationstar formed a civil conspiracy to create the "fraudulent" May 2013 assignment. [1, Ex. 1 at ¶¶ 34-38]. Under Michigan law, "a

---

effort can be construed as an attempt to amend the bare allegations in her complaint, the Court "may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)); *see also Watkins v. Ramos*, No. 14-02748, 2015 U.S. Dist. LEXIS 44797, at *13 (S.D.N.Y. Feb. 27, 2015); 2 Moore's Federal Practice § 12.34[2] ("The court may not, for example, take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

In any event, Wilcoxson's contention that "Nationstar acts [*sic*] of continuing to collect a debt without validation constitutes violations of the FDCPA" lacks merit. [9 at 18]. The pursuit of debt-collection litigation generally does not constitute a continuing violation of the FDCPA. *See Slorp*, 587 F. App'x at *258-59 (noting that no court of appeals has held that pursuit of such litigation is a continuing violation of the FDCPA, and finding that a debt collector who reaffirmed certain deceptive statements throughout the litigation was not liable for a continuing FDCPA violation); *Ball v. Ocwen Loan Servicing, LLC*, No. 12-0604, 2012 U.S. Dist. LEXIS 68173, at *14 (N.D. Ohio May 16, 2012) (noting that maintaining litigation is not a continuing violation of the FDCPA); *Ruth v. Unifund CCR Partners*, No. 08-2689, 2009 U.S. Dist. LEXIS 17362, at *36-37 (N.D. Ohio Mar. 6, 2009) *aff'd*, 604 F.3d 908 (6th Cir. 2010) (same). Consequently, defendants' pursuit of the foreclosure action does not constitute a continuing violation of the FDCPA.

Additionally, Wilcoxson cannot pursue her FDCPA claim against Nationstar because the FDCPA applies only to "debt collectors," and, at least with respect to her loan, Nationstar is not such an entity. The FDCPA makes clear that "a creditor is not a debt collector for purposes of the act if the creditor, in its own name, is trying to collect a debt that is owed to the creditor." *Turk v. CitiMortgage*, No. 05-70386, 2005 U.S. Dist. LEXIS 18355, at *5 (E.D. Mich. Aug. 29, 2005) (citing 15 U.S.C. § 1692a(6)(A), which provides that, as used in the Act, the term "debt collector" "does not include – (A) any officer or employee of a creditor while, in the name of the creditor, [is] collecting debts of the creditor."); *Givens v. HSBC Mort. Servs.*, No. 08-10985, 2008 U.S. Dist. LEXIS 113974, at *8-9 (E.D. Mich. Aug. 26, 2008). Nationstar is not a debt collector in this action because "creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Mohlman v. Long Beach Mortgage*, No. 12-10120, 2013 U.S. Dist. LEXIS 17074, at *12 (E.D. Mich. Feb. 8, 2013); *see also Givens*, 2008 U.S. Dist. LEXIS 113974, at *8-9. This is particularly the case here, since Wilcoxson alleges that Nationstar attempted to collect on its own debt, and she does not allege, and nothing in the record suggests, that the mortgage on the property was in default at the time Nationstar acquired it. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003). Therefore, Wilcoxson's FDCPA claim against Nationstar would also fail on this ground.

15

claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort." *Advocacy Org. for Patients & Providers v. Auto Club. Ins. Assocs.*, 257 Mich. App. 365, 384 (2003) (quoting *Early Detection Ctr., P.C. v. New York Life Ins. Co.*, 157 Mich. App. 618, 632 (1986)); *see also Admiral Ins. Co. v. Columbia Cas. Ins. Co.*, 194 Mich. App. 300, 313 (1992). Since the Court finds that all of Wilcoxson's other claims lack merit, there is no viable tort that could provide the basis for her civil conspiracy claim. Accordingly, this cause of action should be dismissed as well.

### D. Sur-reply

Wilcoxson moved for leave to file a sur-reply that not only reiterates and/or re-characterizes the same arguments set forth in her response brief, but that also raises the additional argument that the transfer of the note did not comply with the Uniform Commercial Code's purported requirement for a "change in possession of the instrument." [12 at 3].

The arguments that Wilcoxson rehashes in her sur-reply, which stem from Lehman Brother's dissolution, have already been addressed in this Report and Recommendation. And as for the UCC argument which she attempts to raise for the first time, Wilcoxson fails to provide the Court with any "reason to depart from the general rule that a reply or sur-reply is not the proper place to raise an entirely new argument." *Bowden v. Am. Home Mortg. Servicing, Inc.*, No. 10-12972, 2012 U.S. Dist. LEXIS 24732, at *23 (E.D Mich. Feb. 27, 2012) (internal quotation marks omitted); *cf.* 11 Moore's Federal Practice § 56.83, n.5.1 ("New arguments in reply may be disregarded."). But, even if it were proper to consider that argument, the Court would find it to be lacking in merit.

In *Katulski v. CPCA Trust I*, Nos. 313790 and 316360, 2015 Mich. App. LEXIS 84, at *25-27 (Mich. Ct. App. Jan. 20, 2015) (internal citations omitted), the Michigan Court of

Appeals rejected the very UCC argument that Wilcoxson presents in her sur-reply, explaining:

> The [plaintiffs] contend that [defendant] never established its possession of [the mortgage note in question]…As our Supreme Court summarized in *Saurman*, 490 Mich. 909, "established legal principles governing Michigan's real property law, and specifically foreclosure by advertisement," envision that "'the mortgage and the note are to be construed together.'" However, the Supreme Court in *Saurman* continued to explain, "'It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands....The choice of a mortgagee is a matter of convenience.'"
>
> Although a relationship exists between a mortgage given to secure a debt and the promissory note evidencing the debt, the foreclosure by advertisement statutes plainly authorize a foreclosure when so contemplated by the terms of the mortgage alone. In MCL 600.3201, the Legislature provided:
>
>> Every mortgage of real estate, which contains a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner specified in this chapter. However, the procedures set forth in this chapter shall not apply to mortgages of real estate held by the Michigan state housing development authority.
>
> The foreclosure by advertisement statutes reference the related promissory note in MCL 600.3204(1)(d), which permits a foreclosing party to be "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."
>
> Further, the UCC provisions invoked by the [plaintiff] relate exclusively to a promissory note or other negotiable instrument, and have nothing to do with the related mortgage or foreclosure.
>
> The only portion of the UCC even referencing real estate liens appears in the UCC chapter governing secured transactions, MCL 440.9101 *et seq*. But a reading of MCL 440.9109(4) evidences that this article does not apply to a simple mortgage interest in real property, like the [plaintiff's] mortgage…

*See also Al-Raeis v. Aurora Bank, FSB*, No. 316269, 2014 Mich. App. LEXIS 2428, at *10 (Mich. Ct. App. Dec. 9, 2014).

For these reasons, Wilcoxson's motion for leave to file a sur-reply [11] should be denied.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that defendants' motion to dismiss the complaint **[8]** be **GRANTED** and Wilcoxson's motion for leave to file a sur-reply **[11]** be **DENIED**.

Dated: February 29, 2016　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

                                          s/Eddrey O. Butts  
                                          EDDREY O. BUTTS  
                                          Case Manager

Dated: February 29, 2016