UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JETAUN N. WILCOXSON,

     Plaintiff,

v.

LEHMAN BROTHERS, et al.,

     Defendants.

_____/

Case No. 15-13308

Honorable Nancy G. Edmunds

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [16] AND ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S FEBRUARY 29, 2016 REPORT AND RECOMMENDATION [15]**

Plaintiff Jetaun N. Wilcoxson ("Wilcoxson") filed this wrongful foreclosure action against Mortgage Electronic Systems, Inc. ("MERS"), U.S. Bank National Association (U.S. Bank), Nationstar Mortgage, LLC ("Nationstar"), and a number of other entities and individuals involved in the foreclosure and sheriff's sale of her residential property. Currently before the Court is the Magistrate Judge's Report and Recommendation to dismiss Plaintiff's complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 15). Plaintiff has lodged several objections to the Magistrate Judge's Recommendation, which the Court considers here. (Dkt. 16). For the reasons that follow, the Court OVERRULES Plaintiff's objections [16], ADOPTS the Report and Recommendation [15], and DISMISSES the case.

**I.   Standard of Review**

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b). The Court

need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock,* 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981).

## II. Analysis

Plaintiff's voluminous objections are broken down in eight separately numbered paragraphs. The Court addresses each in turn.

### A. Objection One

Plaintiff first contends that the Magistrate Judge erred by concluding that MERS was legally authorized to assign her mortgage. (Plf's Obj., Dkt. 16 at 6). This is so, she maintains, because her original lender (Lehman Brothers) was dissolved at the time of the assignment. While it's true that Lehman Brothers declared bankruptcy two years after Plaintiff executed her mortgage, the Sixth Circuit has been clear that insolvency does not divest MERS' authority to act as a nominee. *See Spadafore v. Aurora Loan Servs. LLC*, 564 Fed. App'x 168, 172 (6th Cir. 2014) (FDIC takeover of insolvent bank did not require "MERS [or] any other entity . . . to record an assignment of the mortgage to the FDIC"); *see also Rosa v. Mortgage Elec. Sys. Inc.*, 821 F. Supp. 2d 423, 431 (D. Mass. 2011) ("The dissolution of the original lender does not affect MERS' authority to assign a mortgage.").

Indeed, under the express terms of the mortgage, Plaintiff "warrant[ed], grant[ed] and convey[ed]" her property "to MERS . . . and to the successors and assigns of MERS." (Dkt. 8, Mortgage Ex. B at 2). Plaintiff ignores the court's holding in *Spadafore* and fails to offer a single persuasive reason in support of disregarding MERS' clear grant of authority. For that reason, the Court must, and does overrule Plaintiff's first objection.

### B. Objection Two

Plaintiff's second objection is tethered to the first. Here, she maintains that U.S. Bank lacked an interest in the mortgage because "MERS couldn't have assigned the Note and Lehman was out of business in order to assign the Note in May 2013." (Plf.'s Obj. at 18). This argument has been squarely rejected for a number of reasons, chief among them; it assumes that MERS' authority to act as a nominee under the mortgage was somehow impacted by Lehman Brother's dissolution. As the court explained in *Carmack v. Bank of New York Mellon*, 534 F. App'x 508, 515 (6th Cir. 2013), however, "[a]lthough MERS did not own the note, the category of parties with an 'interest in the indebtedness' under [Mich. Comp. Laws] § 600.3204(1)(d) 'include[s] mortgagees of record among the parties entitled to foreclose by advertisement[.]" *Id.* (citing *Residential Funding Co. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183, 185 (2011). In this way, MERS, as the mortgagee of record, "had an interest in the indebtedness 'i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness' thus authorizing MERS to foreclose by advertisement." *Id.* (citations omitted). As a result, upon assigning its security interest to U.S. Bank, MERS validly assigned the authority to foreclose by advertisement as the mortgagee of record.

### C. Objections Three and Seven

3

Plaintiff's third and seventh objections both take issue with the Magistrate Judge's conclusion that Plaintiff failed to establish "fraud or irregularity" sufficient to set aside the foreclosure. There is no question that Plaintiff has fallen far short of the mark in this regard. "Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'" *Carmack,* 534 F. App'x at 510-11 (citations omitted). "It is further clear that not just any type of fraud will suffice. Rather, '[t]he misconduct must relate to the foreclosure procedure itself.'" *Id.* (citations omitted).

Here, Plaintiff argues that there was fraud or irregularity in the foreclosure process because she "disputed and requested validation of the alleged debt" and, presumably, did not receive a timely response. (Plf.'s Obj. at 20). But even assuming this was true, Plaintiff fails to articulate how this caused her to lose "potential opportunity to preserve some or any portion of [her] interest in the property[.]" *Lessl v. CitiMortgage, Inc.*, 515 F. App'x 467, 469 (6th Cir. 2013) (citations omitted). Indeed, Plaintiff "must do more than rest [her] case on speculative, harm. [She] must establish prejudice (such as double liability) resulting from [U.S. Bank's] failure to adhere to the statute's requirements." *Carmack*, 534 F. App'x at 512; *see also Kim v. JPMorgan Chase Bank, N.A.,* 825 N.W.2d 329, 337 (Mich. 2012) (To establish an actionable defect under § 600.3204, a plaintiff "must show that [she] would have been in a better position to preserve [her] interest in the property absent defendant's noncompliance with the statute."). For those reasons, the Court overrules objections three and seven.

### D. Objection Four

Plaintiff's fourth objection relates to her claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e and, more specifically, the Magistrate Judge's conclusion that "it is nearly impossible to discern the content of the 'false statement and evidence' that Nationstar and U.S. Bank allegedly used during the foreclosure proceedings . . . and how these 'statements and evidence' were false, deceptive, or misleading." (Report and Recommendation at 14). Plaintiff's objection does little to assuage the Court's concerns in this regard. Instead, she focuses on the interpretation of "verification" under the statute, which has little, if anything, to do with the facial plausibility of her claim.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." (emphasis added). Here, Plaintiff's FDCPA claim merely tracks the language of the statute without providing any factual substance in support of the underlying violation. *See* (Compl. ¶ 43) ("Defendants . . . actions of maintaining the foreclosure action with the use of false statements and evidence constitute a false, deceptive, and/or misleading practice . . . ."). As the Magistrate Judge aptly noted, where "no more than guessing could take place as to the specifics of the [claim]", dismissal is appropriate. (Report and Recommendation at 14). Without some understanding of the basic facts giving rise to Plaintiff's claim, the Court must, and does, overrule her objection.

### E. Objections Five, Six, and Eight

The Court need not spill a considerable amount of ink on Plaintiff's remaining objections. With respect to Objection Five, Plaintiff merely recites a portion of the Report

5

and Recommendation without providing any substantive basis in support of her challenge. "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991)). Here, Plaintiff does little more than express general disagreement with the correctness of the Magistrate Judge's conclusion. This is plainly not enough.

Objection six challenges the Magistrate Judge's decision to strike Plaintiff's sur-reply. As a general rule, a "non-moving party ordinarily has no right to respond to the reply brief." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). For that reason, sur-replies are often permitted where "new submissions and/or arguments are included in the reply brief." *Seay v. TVA*, 339 F.3d 454, 481 (6th Cir. 2003). Here, Plaintiff's sur-reply attempts to introduce, for the first time, an argument premised under the Uniform Commercial Code. But Defendants' reply brief raised no such issue, and the Court is hard-pressed to find any merit to the substance of Plaintiff's argument in any event.

Finally, Plaintiff maintains that she "never rightfully and knowingly executed a promissory note to Lehman Brothers . . . ." (Plf.'s Obj. at 33). In support of this objection, Plaintiff baldly asserts that she "doesn't know specifically what was signed on July 12, 2006." *Id.* But the record suggests otherwise. Both the promissory note and mortgage--incorporated by Defendants--bear Plaintiff's initials and signature. Once again, Plaintiff fails to offer even a modicum of substance in support of her objection. Accordingly, the Court overrules Plaintiff's eighth and final objection.

For the reasons thus stated, the Court OVERRULES Plaintiff's objections, ADOPTS the Magistrate Judge's Report and Recommendation, and DISMISSES the complaint.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: August 3, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2016, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager